# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1184**
**CA 11-00456**
PRESENT: SCUDDER, P.J., SMITH, SCONIERS, GORSKI, AND MARTOCHE, JJ.

_____

DAVID M. GORDON, PLAINTIFF-APPELLANT-RESPONDENT,

V                                          MEMORANDUM AND ORDER

LIN TV CORPORATION AND AL VAUGHTERS,
DEFENDANTS-RESPONDENTS-APPELLANTS.

_____

HARRIS BEACH PLLC, BUFFALO (RICHARD T. SULLIVAN OF COUNSEL), FOR
PLAINTIFF-APPELLANT-RESPONDENT.

HISCOCK & BARCLAY, BUFFALO (JOSEPH M. FINNERTY OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS-APPELLANTS.

-------------------------------------------------------------------

Appeal and cross appeal from an order of the Supreme Court, Erie
County (Christopher J. Burns, J.), entered November 23, 2010 in a
defamation action.  The order granted the motion of defendants for
summary judgment and dismissed the complaint.

It is hereby ORDERED that said cross appeal is unanimously
dismissed and the order is affirmed without costs.

Memorandum:  Plaintiff appeals and defendants cross-appeal from
an order granting defendants' motion for summary judgment dismissing
the complaint in this defamation action.  We conclude at the outset
that defendants are not aggrieved by the order dismissing the
complaint and thus their cross appeal must be dismissed (*see Town of
Massena v Niagara Mohawk Power Corp.*, 45 NY2d 482, 488).  According to
plaintiff, defendant Al Vaughters misidentified plaintiff as the
president of a bankrupt investment fund during an evening news
television broadcast on a station owned and operated by defendant Lin
TV Corporation.  We conclude that defendants met their burden of
establishing their entitlement to judgment as a matter of law inasmuch
as they did not act "in a grossly irresponsible manner without due
consideration for the standards of information gathering and
dissemination ordinarily followed by responsible parties" (*Chapadeau v
Utica Observer-Dispatch*, 38 NY2d 196, 199).  As the Court of Appeals
noted in *Chapadeau*, a limited number of errors in news reporting is
inevitable (*see id.* at 200), and the fact that defendants corrected
the mistake within the same broadcast demonstrates that they strived
for accuracy (*see Alicea v Ogden Newspapers*, 115 AD2d 233, *affd* 67
NY2d 862).  Because we conclude that defendants met their burden of
demonstrating that they did not act in a grossly irresponsible manner,
we do not address defendants' alternative ground for affirmance, i.e.,
that plaintiff was a limited purpose public figure and thus that the

court should have applied the higher standard of demonstrating actual malice (*see generally New York Times Co. v Sullivan*, 376 US 254, 279-280).